IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv612-SRW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

On July 13, 2010, Maurice Cox ("Cox"), proceeding *pro se*, filed a petition construed by this court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] At the time of filing, Cox was incarcerated at the Ventress Correctional Center serving concurrent state sentences for controlled-substance convictions in Alabama.[2] By his habeas petition, he seeks an order from this court directing federal authorities to take him into custody from state authorities so that he can begin serving a federal sentence – for violating the conditions of his federal supervised release – in a federal facility.

**I.   BACKGROUND**

In January 2008, this court sentenced Cox to 42 months in prison, followed by 8 years on supervised release, for various federal controlled-substance and firearm offenses. *See Case No. 1:06cr277-WKW, Doc. Nos. 52 and 53*. Cox served the incarceration portion of

---

[1]Cox styled the petition (*Doc. No. 1*) as a "Petition for Writ of Error Coram Nobis."

[2]Geneva County Circuit Court Case Nos. CC-90-0339 and CC-00-0006.

that sentence, and he began his term of supervised release in June 2009. In October 2009, Cox was arrested by Alabama authorities for state controlled-substance offenses. On November 2, 2009, the United States Probation Office filed a petition alleging that Cox had violated the conditions of his federal supervised release by committing the new offenses. *Case No. 1:06cr277-WKW, Doc. No. 56.* On that same date, the district court issued a warrant for Cox's arrest based on his alleged violation of the conditions of his supervised release. *Id., Doc. No. 58*.

In March 2010, Cox pled guilty to the state controlled-substance offenses, and he was sentenced to state prison, with the state trial court ordering his state sentence to run concurrently with any federal sentence. In April 2010, the United States Marshals Service lodged a federal detainer with the State of Alabama based on Cox's violation of his supervised-release conditions (i.e., his commission of new criminal offenses). *See Case No. 1:06cr277-WKW, Doc. No. 56.* Cox's supervised-release revocation hearing was held before the district court on March 23, 2011. *See id., Doc. Nos. 76 and 82*. Cox pled guilty to violating the conditions of his supervised release and, on March 31, 2011, the district court entered a judgment revoking his supervised release and imposing a sentence of 45 months in prison. *Id., Doc. No. 77*. On or around April 19, 2011, the district court's judgment was executed, and Cox was committed to the custody of the Federal Bureau of Prisons ("BOP") and transported to the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), where he is currently incarcerated. *Id., Doc. No. 83*.

## II. DISCUSSION

As indicated above, the relief Cox seeks through the instant habeas petition is an order from this court directing federal authorities to take him into custody from state authorities so that he can begin serving his federal sentence for violating the conditions of his supervised release in a federal facility. *See Doc. Nos. 1 and 18*. Although Cox was incarcerated in a state facility, serving a state sentence, when he filed the instant petition (on July 13, 2010), his federal supervised release had not yet been revoked, nor had any federal sentence based on the revocation of his supervised release been imposed at the time. Therefore, at the time of filing, his request that federal authorities be ordered to take him into custody so that he could serve his federal sentence in a federal facility was premature; there was no federal sentence to begin serving. Moreover, since the filing of his habeas petition, Cox has in fact been committed to the custody of the BOP to serve his federal sentence (imposed on March 31, 2011) for violating the conditions of his supervised release, and he continues to serve that sentence in a federal facility, at FPC Montgomery. Consequently, because a favorable decision on the merits of the claims in Cox's petition would not entitle him to any additional relief, the instant habeas action is moot. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of

habeas action).[3]

### III.   CONCLUSION

Accordingly, the court concludes that the 28 U.S.C. § 2241 petition for habeas corpus relief should be DISMISSED as moot, because a favorable decision on the merits of the claims in the petition would not entitle Cox to any additional relief and reaching the merits of the arguments presented in the petition would serve no purpose.

A separate final judgment will be entered.

DONE, this 4th day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3]Cox appears also to suggest in his pleadings that the BOP should credit against his federal sentence time he served on his state sentence, because it was the intent of the state trial court that his state and federal sentences should run concurrently. *See Doc. No. 1 at 3 and Doc. No. 18 at 5*. As noted above, however, when Cox filed the instant petition, his federal sentence had not yet been imposed. Therefore, the BOP had not yet made any determination regarding credit against his federal sentence or calculated his release date. This issue is therefore prematurely before this court and may even have been rendered moot by events occurring since Cox filed his habeas petition, depending on the BOP's calculations.